**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

DEBORAH H. RIPLEY,
Administrator of the Estate of
Bernard W. Ripley, deceased, and
DEBORAH H. RIPLEY,
                Plaintiffs,

v.                                                                      Action No. 4:14cv70

J. HENRY HOLLAND CORP., et al.,

                Defendants.

**<u>UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION</u>**

This matter comes before the Court on plaintiffs' second, renewed motion to strike and for remand, ECF No. 134, and defendants Foster Wheeler LLC and Foster Wheeler Energy Corporation's (collectively, "Foster Wheeler"), renewed motion to supplement the record. ECF No. 140. By order of reference dated September 14, 2017, ECF No. 167, this matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and the Local Rules of this Court.

For the reasons stated herein, the Court **RECOMMENDS** that the plaintiffs' motion, ECF No. 134, be **DENIED**, and the defendants' motion, ECF No. 140, be **GRANTED IN PART** and **DENIED IN PART**.

                **I.**        **FACTUAL AND PROCEDURAL BACKGROUND**

Bernard H. Ripley ("Ripley") worked as a civil service boilermaker on Navy ships and in the Norfolk Naval Shipyard from 1969 to 1972 and again from 1974 until the late 1970s.

Compl. ¶ 5, ECF No. 1-1; ECF No. 58 at 2.  During his work, he became exposed to asbestos, allegedly from boilers manufactured by Foster Wheeler for several of the ships Ripley worked on, including the USS Mt. Whitney and the USS America.  ECF No. 58 at 2; ECF No. 58-2 at 1.  On February 24, 2014, Ripley was diagnosed with malignant mesothelioma.  ECF No. 58 at 2.

Ripley and his wife, Deborah H. Ripley, filed this action in the Circuit Court for the City of Newport News against multiple defendants on May 13, 2014, alleging state law claims for failure-to-warn about asbestos exposure.  Notice of Removal, ECF No. 1 at 1; Compl. at ¶¶ 9–10.  On June 16, 2014, defendants Foster Wheeler removed the action to this Court, pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1446.  ECF No. 1.  Section 1442 authorizes removal of suits against federal officers or persons acting under federal officers.  28 U.S.C. § 1442.[1]  Foster Wheeler's basis for removal is that, in manufacturing and selling boilers and auxiliary equipment to the Navy, it was acting under an officer or agent of the United States.  ECF No. 1 at 2.  Foster Wheeler argues that it is entitled to government contractor immunity under *Boyle v. United Techns. Corp.*, 487 U.S. 500 (1988).  ECF No. 60 at 14–15.  To support its notice of removal, Foster Wheeler attached affidavits by Mr. Thomas J. Schroppe ("Schroppe")[2] and Admiral Ben J. Lehman ("Lehman").[3]  ECF Nos. 1-10, 1-11.

---

[1] Unlike cases removed under 28 U.S.C. § 1441, section 1442 removal does not require that all defendants consent.  *See* 28 U.S.C. § 1446(b)(2)(A).

[2] Schroppe began working as an engineer at Foster Wheeler in 1962 and became president of Foster Wheeler Boiler Corporation before his retirement in 1999.  ECF No. 1-10 at 1.  He stated that he was "personally involved" in the Navy's boiler procurement process, that Foster Wheeler designed its boilers to match highly detailed Navy specifications, and that "deviations from these specs were not acceptable."  *Id*. at 1–2.  Most relevant, he spoke about the "intense direction and control" exercised by the Navy "over all written documentation to be delivered with its naval boilers."  *Id*. at 4–5.

[3] Due to Lehman's death in 2013 and disavowal of his affidavit in a subsequent deposition, Ripley filed another motion to strike his affidavit.  ECF No. 96.  This Court granted Ripley's

On July 11, 2014, Ripley filed a motion to remand the case to the Circuit Court for the City of Newport News, as well as a supporting memorandum. ECF Nos. 56, 58. Contemporaneously, Ripley filed a motion to strike the Schroppe and Lehman affidavits and a supporting memorandum. ECF Nos. 57, 58.

On November 14, 2014, Bernard Ripley died and his estate was substituted as the proper party, with Deborah Ripley (hereinafter, "Ripley") as administratix. ECF Nos. 65, 70. Ripley renewed the motion to remand on January 23, 2015. ECF No. 68.

On August 6, 2015, this Court granted Ripley's motion to remand, reasoning that this Court had always held that *Boyle* is inapplicable to failure-to-warn asbestos cases. ECF No. 72 at 5. Foster Wheeler appealed this decision to the United States Court of Appeals for the Fourth Circuit on August 11, 2015, and the remand was stayed pending resolution by the appellate court. ECF Nos. 73, 80. On November 11, 2016, the Fourth Circuit, in a case of first impression, held that *Boyle's* government contractor defense is applicable in failure-to-warn cases, and accordingly reversed this Court's ruling and remanded the case for consideration as to whether Foster Wheeler has "presented sufficient proof to warrant removal pursuant to § 1442." *Ripley v. Foster Wheeler LLC*, 841 F.3d 207, 211 (4th Cir. 2016).

Thereafter, Foster Wheeler filed a motion to amend the notice of removal or, in the alternative, to supplement the record. ECF No. 98. In support of this request, Foster Wheeler filed 27 notices with almost 6,000 pages worth of additional exhibits. ECF Nos. 98-1, 99–125. The Court granted Foster Wheeler's request to amend its notice of removal by allowing it to

---

motion and Lehman's affidavit was stricken from the record. ECF No. 137 at 2–3. The Court did not at that time address Ripley's argument to strike Schroppe's affidavit.

attach a 2013 declaration by Dr. Lawrence Stillwell Betts ("Betts").[4] ECF No. 137 at 4. The Court denied Foster Wheeler's request to further supplement the record, but allowed it to renew its request for supplementation, provided that the supplemental material "pertains to adjudicative facts, attempts to cure defective allegations of jurisdiction, and [ ] address[es] minor technical corrections." *Id*. at 6. The Court also ordered Foster Wheeler to present an accompanying memorandum with each submission. *Id*. The Court limited Foster Wheeler to "ten documents, with the total of all documents not to exceed 500 pages." *Id*.

Ripley renewed the motion to remand and the motion to strike affidavits on May 4, 2017, ECF No. 134, and Foster Wheeler renewed its motion to supplement the record on June 15, 2017, providing 10 documents totaling 491 pages. ECF No. 140; ECF No. 141 at 2.

## II. STANDARD OF REVIEW

Title 28 of the United States Code, section 1442, authorizes the removal to federal court of any "civil action or criminal prosecution" commenced in a state court against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Accordingly, a private defendant who seeks to remove a case under section 1442 must show "(1) that it acted under a federal officer; (2) that it has a colorable federal defense; and (3) that the charged conduct was carried out for o[r] in relation to the asserted official authority." *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 254 (4th Cir. 2017) (internal citations

---

[4] Betts' declaration can be found at ECF No. 98-1. Betts was a scientist in industrial hygiene and toxicology with the Navy. *Id*. at 1. He served as a Navy officer for three decades and stated that he was "familiar with the industrial products that were used by the Navy" and that he "evaluated occupational exposures to[] asbestos-containing . . . materials." *Id*. He provided information in his affidavit about the Navy's knowledge and expertise pertaining to asbestos hazards, stating that "there was nothing about the hazards associated with the use of asbestos containing products used on or in equipment on United States Navy ships known by an equipment manufacturer that was not known by the United States Government and the United States Navy." *Id*. at 33.

omitted). The removal statute's "'basic' purpose is to protect the Federal Government from [ ] interference with its 'operations.'" *Watson v. Philip Morris Cos.*, 551 U.S. 142, 150 (2007). This is done by giving federal officials a federal forum in which to assert federal defenses free from the "local prejudice" that may exist in state court. *Id*. "Proof of a 'colorable' federal defense [ ] does not require the defendant to 'win his case before he can have it removed' nor even establish that the defense is 'clearly sustainable.'" *Ripley*, 841 F.3d at 210 (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)). *See also Jamison v. Wiley*, 14 F.3d 222, 238–39 (4th Cir. 1994) ("The defendant need not prove that he will actually prevail on his federal immunity defense in order to obtain removal . . . That the federal court ultimately rejects the federal defense that supported removal under § 1442(a)(1) does not mean that it thereby loses subject matter jurisdiction over the removed action.").

The burden of persuasion for establishing jurisdiction rests on the party asserting it. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) (citing *McNutt*, 298 U.S. at 189)). However, the Supreme Court has advised against a "narrow, grudging interpretation" of the statute. *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999) (quoting *Willingham*, 395 U.S. at 407). "Just as requiring a 'clearly sustainable defense' rather than a colorable defense would defeat the purpose of the removal statute, so would demanding an airtight case on the merits." *Id*. at 432 (quoting *Willingham*, 395 U.S. at 407). A colorable claim is "a claim that is legitimate and that may reasonably be asserted, given the facts presented and the current law." *Black's Law Dictionary* 282 (9th ed. 2010).

5

### III. DISCUSSION

**A. Ripley's motion to strike Schroppe's affidavit should be denied.**

In Ripley's second, renewed motion to strike and for remand, ECF No. 134, Ripley renews the second motion to remand, ECF No. 68.[5] Ripley incorporates the reasoning stated in ECF No. 58, the memorandum in support of the original motion to strike Schroppe and Lehman's affidavits, and for remand. ECF No. 136 at 2. In briefs submitted to the Court since the second renewed motion to strike and for remand, Ripley argues that Schroppe's affidavit is insufficient to support Foster Wheeler's defense, but does not explicitly state that it should be stricken from the record. *See* ECF No. 143 at 18–20.[6] However, to the extent that the arguments in ECF No. 58 are incorporated into the second renewed motion, the Court will now briefly address those arguments as they pertain to Schroppe's affidavit.

Ripley first argues that Schroppe's affidavit violates the best evidence rule, which "requires that the contents of an available written document be proved by introduction of the document itself." ECF No. 58 at 8 (citing *United States v. Alexander*, 326 F.2d 736, 739 (4th

---

[5] Ripley's second renewed motion originally referred to ECF Nos. 56 and 57. ECF No. 134. ECF No. 56 is a motion to remand and ECF No. 57 is a motion to strike the affidavits of Lehman and Schroppe. Following the death of Bernard Ripley, Ripley renewed ECF Nos. 56 and 57 in ECF No. 68. ECF No. 57 was denied as moot on March 8, 2015, ECF No. 70, and denied as moot again on August 6, 2015, when the motion to remand was granted. ECF No. 72. Ripley has since acknowledged that the second renewed motion mistakenly referred to ECF No. 57, and should have referred only to ECF No. 68. ECF No. 136.

[6] Ripley's supplemental brief, ECF No. 143, contains this equivocal statement in a footnote: "Ripley moved to strike Schroppe's and Lehman's affidavits at the time he filed his original motion for remand, [ ] but that motion was denied as moot when this Court granted Ripley's Motion for Remand [ ]. Many other courts have either disregarded, or completely struck, these affidavits and similar affidavits." ECF No. 143 at 20 n.10. Foster Wheeler's memorandum in opposition to plaintiffs' second renewed motion to strike and for remand contained arguments as to why Lehman's affidavit should remain in the record, and Ripley responded in kind. ECF Nos. 135, 136. Neither mentioned Schroppe's affidavit. *Id*. Foster Wheeler even referred to ECF No. 57 as "Motion to Strike the Affidavit of Admiral Benjamin Lehman," ECF No. 135 at 1, even though ECF No. 57 sought to strike both Lehman and Schroppe.

Cir. 1964); Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.")). Ripley argues that Foster Wheeler must rely on the actual military specifications rather than affidavits. ECF No. 58 at 8–9. The Court rejects this argument. Schroppe testifies in his affidavit that he was "personally familiar with the degree of supervision and control exercised by the Navy and its agencies in procurement contracts with Foster Wheeler for boilers and auxiliary equipment because [he] was personally involved in such contracts at all the various stages of development." ECF No. 1-10 at 1. He is thus testifying as to his personal knowledge rather than attempting to prove the contents of a writing. Accordingly, the best evidence rule is inapplicable.

Second, Ripley argues that Schroppe's affidavit violates Federal Rule of Evidence 702, because he did not deal directly with military specifications, rendering his opinion unreliable. ECF No. 58 at 9–11. Ripley argues that Schroppe "has never seen a document from the Navy prohibiting health warnings." *Id*. at 11. As will be discussed below, it is not necessary that there even be a document prohibiting warnings. *See Sawyer*, 860 F.3d at 256. And again, Schroppe testified that he was "personally familiar" with the Navy's control and that he worked closely with the Navy. His affidavit recites facts within his experience in dealing with the Navy. The Court also notes that the Fourth Circuit relied on Schroppe's affidavit in *Sawyer*. *Id*. at 256. This fact heavily cautions against a finding that the affidavit is unreliable.

For these reasons, Schroppe's affidavit shall remain a part of the record.

**B. Ripley's motion to remand the case to state court should be denied.**

   **1. Foster Wheeler acted under a federal officer.**

The first element under section 1442 is whether the private entity acted under a federal officer. For the purpose of section 1442, a private entity acts under a government official where the government exercises some "subjection, guidance, or control," and the private entity attempts "to *assist*, or to help *carry out*, the duties or tasks of the federal superior." *Watson*, 551 U.S. at 151–52. "The words, 'acting under' are broad, and . . . the statute must be 'liberally construed.'" *Id*. at 147 (quoting *Colorado v. Symes*, 286 U.S. 510, 517 (1932)). The Fourth Circuit recently held, under nearly identical facts, that "Foster Wheeler was a 'person acting under' the Navy when it constructed the boilers with asbestos" pursuant to "contracts with the U.S. Navy for use on its vessels." *Sawyer*, 860 F.3d at 255. Given this determination by the Fourth Circuit, there can be no question that Foster Wheeler was a "person acting under" the Navy in this case as well.

   **2. Foster Wheeler has presented a colorable federal defense.**

Second, the Court turns to whether Foster Wheeler has demonstrated a colorable federal defense, specifically the defense of government-contractor immunity. The Supreme Court established the government-contractor defense as a matter of federal common law in *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988). Three requirements must be met to give rise to the defense: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Id*. at 512. This defense was first articulated in connection with design defects. *Id*. at 502. However, the Fourth Circuit has "join[ed] the chorus" of other circuits in holding that the

government contractor defense is also available in failure-to-warn cases, such as this one. *Ripley*, 841 F.3d at 211.

When applying *Boyle* to failure-to-warn cases, the Fourth Circuit followed the Sixth Circuit's ruling in *Tate v. Boeing Helicopters*, 55 F.3d 1150, 1157 (6th Cir. 1995), in adopting three criteria necessary to establish the defense: "(1) the government exercised its discretion and approved certain warnings; (2) the contractor provided the warnings required by the government; and (3) the contractor warned the government about dangers in the equipment's use that were known to the contractor but not to the government." *Sawyer*, 860 F.3d at 256 (internal citations omitted). Further, the government need not prohibit additional warnings, for "the defense applies so long as the government dictated or approved the warnings that the contractor actually provided." *Id*. The government exercises the requisite discretion when it chooses its own warnings, as opposed to approving a contractor's. *Id*.

In *Sawyer*, the Fourth Circuit found that Foster Wheeler satisfied all three criteria. *Id*. In doing so, the Fourth Circuit considered affidavits of Schroppe and Betts, the same two affiants Foster Wheeler puts forth in this case. *Id*. at 256–57. Nevertheless, Ripley argues that the *Sawyer* decision does not control, because the standards and specifications issued by the federal government, the Department of Defense ("DOD"), and the Navy in this case were never considered by the Fourth Circuit in *Sawyer*. ECF No. 162 at 3. Ripley argues that these specifications required Foster Wheeler to place warnings and that it failed to do so. *Id*. at 4–5.

Cognizant of the Fourth Circuit's admonition that a party need not "win his case before he can have it removed," *Ripley*, 841 F.3d at 210, the Court rejects Ripley's claim that evidence of other specifications and standards distinguishes this case from *Sawyer*. As noted by the

9

multidistrict litigation court with respect to asbestos matters[7] in another case involving Foster Wheeler (and affidavits by Schroppe, Lehman, and Betts), "[w]hile the Court must require that the facts identified by the defendant support the federal defense, the Court is not called upon at this preliminary stage to pierce the pleadings or dissect the facts stated. Nor is it the Court's function at this stage to determine credibility, weigh the quantum of evidence or discredit the source of the defense." *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 782 (E.D. Pa. 2010). "It is the sufficiency of the facts stated—not the weight of the proof presented—that matters." *Id.* at 782–83.

Accordingly, the Court's task at this stage is not to weigh evidence marshaled by Ripley against the evidence put forward by Foster Wheeler. Rather, the Court examines the sufficiency of Foster Wheeler's evidence (which the Fourth Circuit already deemed sufficient in *Sawyer*).[8] First, Schroppe's affidavit establishes that Foster Wheeler was not permitted under the specifications, regulations, and procedures, to place warnings on equipment intended for use aboard a Navy vessel, beyond those required by the Navy. ECF No. 1-10 at 5. Schroppe stated that "Navy personnel participated intimately in the preparation of [technical manuals] and

---

[7] This court has handled over 180,000 asbestos cases. U.S. District Court for the Eastern District of Pennsylvania, Asbestos Products Liability Litigation Statistics (2017), http://www.paed.uscourts.gov/documents/MDL/MDL875/MDL-875.aug31.2017.pdf.

[8] In a previous order, the Court stated that Foster Wheeler must support its jurisdictional allegations with "competent proof," citing *Leite v. Crane Co*. *See* ECF No. 137 at 3 (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). Ripley argues that, under the standard articulated in *Leite*, Foster Wheeler must prove the elements of government contractor immunity by a preponderance of the evidence. ECF No. 143 at 16–17. However, in *Leite*, the Ninth Circuit stated that "[a]t this stage, [the removing party] doesn't have to prove that its government contractor defense is in fact meritorious," and that all the removing party "must prove by a preponderance of the evidence is that its government contractor defense is 'colorable.'" *Leite*, 749 F.3d at 1124. The Ninth Circuit then held that the defendants had shown a colorable defense justifying removal based on the defendants' proffered affidavits, which tended to show the "Navy's detailed specifications regulating the warnings that equipment manufacturers were required to provide." *Id.* at 1120, 1124.

exercised specific direction and control over [the manuals'] contents." *Id*. at 4.  He stated further that "the Navy had precise specifications, practices and procedures that governed the content of any communication affixed to machinery supplied by Foster Wheeler to the Navy." *Id*. at 5.  Schroppe's affidavit therefore establishes that the Navy exercised discretion.  As the Fourth Circuit has now made clear, all that is required is "[g]overnment discretion . . . not dictation or prohibition of warnings." *Sawyer*, 860 F.3d at 256 (internal quotation omitted).  Accordingly, Ripley's argument that "the government did not dictate the warning language or prohibit warnings" actually suggested by Foster Wheeler, ECF No. 58 at 3, and Ripley's argument that DOD and Navy officials have consistently testified that the DOD did not prohibit warnings, *id*. at 16, must necessarily fail.

With respect to whether the contractor conformed with the government's requirements, the Fourth Circuit stated that the "rigorous inspection process" performed by the Navy that Schroppe described in his affidavit makes it likely that the Navy would have discovered nonconformance and rejected Foster Wheeler products that did not meet Navy specifications. *Sawyer*, 860 F.3d at 256.  The evidence tendered by Ripley does not definitively disprove Foster Wheeler's evidence on this point.  Ripley presents many standards, such as MIL-STD-129, that cover warnings on packaging and containers.  *See, e.g.*, ECF No. 143 at 5.  In Ripley's complaint, however, he alleges that Foster Wheeler failed to place warnings not only on packaging and containers, but also "in technical manuals, drawings or specifications." ECF No. 1-1 at ¶ 14(f). Foster Wheeler argues that it bases its notice of removal on these claims, and that it has presented sufficient evidence to show that, in the preparation of technical manuals, engineering drawings, and nameplates, that the Navy exercised substantial control, as shown in the Schroppe affidavit, which discusses the creation of such technical manuals.  ECF No. 144 at

11

24. Again, *Sawyer* is instructive. "[R]emoval need not be justified as to all claims asserted in the plaintiffs' complaint; rather, the defense need only apply to one claim to remove the case." *Sawyer*, 860 F.3d at 257. The evidence put forward by Foster Wheeler presents a colorable defense with respect to technical manuals and drawings, notwithstanding Ripley's evidence.

Third, Betts' affidavit explains that the Navy's knowledge of asbestos-related hazards was state-of-the-art, and exceeded Foster Wheeler's own. Therefore, it does not appear that Foster Wheeler knew of dangers that were unknown to the Navy. *See Sawyer*, 860 F.3d at 256–57 (stating that the Betts affidavit supported a finding that Foster Wheeler did not withhold information about the risks of asbestos of which the Navy was unaware); *Hagen*, 739 F. Supp. 2d at 784 (same). The contractor is not required to warn the government where "the government knew as much or more than the defendant contractor about the hazards of the . . . product." *Beaver Valley Power Co. v. Nat'l Eng'g & Contracting Co.*, 883 F.2d 1210, 1216 (3d Cir. 1989).

For these reasons, Foster Wheeler has made a colorable showing that the government, having full knowledge of the dangers involved, exercised discretion with which Foster Wheeler complied. This is not to be construed as a definitive ruling on the merits of Foster Wheeler's defense. The Court finds only that Foster Wheeler has provided enough competent facts to give rise to a colorable claim of government-contractor immunity, such that that claim can be evaluated in a federal forum.

### 3. The charged conduct is related to the asserted federal authority.

Finally, the Court must determine whether the charged conduct was related to the defendant's asserted official authority. Prior to 2011, a contractor seeking removal had to establish that the suit was "for a[n] act under color of office." *Acker*, 527 U.S. at 431 (quoting 28 U.S.C. § 1442(a)(3)). In 2011, Congress amended section 1442(a)(1) to read "for or relating

to any act under color of office." Removal Clarification Act of 2011, Pub. L. No. 112-51, 125 Stat. 545 (2011). "This new language broadened the universe of acts that enable federal removal, such that there need be only a *connection or association* between the act in question and the federal office." *Sawyer*, 860 F.3d at 258 (internal citations omitted).

On this point, again, *Sawyer* controls. The *Sawyer* court held that "Foster Wheeler has amply shown a sufficient 'connection or association' in this case." *Id*. Foster Wheeler has made out a colorable claim that the Navy exercised discretion over warnings contained on boilerplates or technical manuals. This colorable defense is sufficiently connected to plaintiffs' claim that Foster Wheeler failed to warn. Foster Wheeler is not required to show specific government direction with respect to each failure-to-warn claim, it must only show that "the charged conduct *relate to* an act under color of federal office." *Id*. For the same reasons given by the Fourth Circuit, this Court finds that Foster Wheeler's alleged failure to give warnings is sufficiently related to the performance of its contracts with the Navy.

## C. Foster Wheeler's motion to supplement the record should be granted in part and denied in part.

The Court next turns to Foster Wheeler's motion to supplement the record. ECF No. 140. Foster Wheeler asks the Court to supplement the record with ten additional documents, totaling 491 pages. ECF No. 141 at 2. These documents include, *inter alia*, military specifications, safety manuals, and Navy asbestos reports. *See generally* ECF No. 141. Foster Wheeler presents these documents in an effort to prove that its federal contractor defense is colorable. *Id*. at 6. Ripley objects to seven of the documents. ECF No. 149 at 12. Ripley does not object to exhibit two, which is a copy of MIL-M-15071E (1962). ECF No. 149 at 4; ECF No. 141-3. This document is the military specification that governs the technical manuals for boilers. *See* ECF No. 141 at 14. Ripley does not object to exhibit three, which is a copy of MIL-I-15024 (1952).

13

ECF No. 149 at 6; ECF No. 141-4. This document is the military specification that governs identification plates placed on boilers. *See* ECF No. 141 at 15. Finally, Ripley does not object to exhibit five, which is a copy of NAVSO P-2455 (1965). ECF No. 149 at 8–9; ECF Nos. 141-6, 141-7, 141-8, 142-1. This document is a Navy manual of safety precautions, and includes Navy asbestos procedures policy. *See* ECF No. 141 at 18. As these three documents are not objected to, they should be made part of the record.

As for the objected-to documents, the Court can decide the pending motion by reference to the admitted documents and affidavits. Many of the remaining documents pertain to the Navy's sophisticated knowledge about the dangers of asbestos, knowledge that is already established in the Betts affidavit. Accordingly, it is unnecessary to further expand the record with the seven additional documents that Foster Wheeler proposes.[9] *See Sawyer*, 860 F.3d at 254 n.1 ("Because we think that this case can readily be decided without use of . . . any of the material[10] that either party wishes to add to the record, we find it unnecessary to expand the record at this stage of the proceedings.").

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Ripley's second renewed motion to strike and for remand, ECF No. 134, be **DENIED,** and that Foster Wheeler's motion to supplement the record, ECF No. 140, be **GRANTED IN PART** and **DENIED IN PART**.

---

[9] The Court notes that Foster Wheeler's exhibit one, MIL-B-18381B (1961), ECF No. 141-2, is already in the record at ECF No. 58-5. These are the Navy's specifications that govern the provision of boilers. *See* ECF No. 141 at 12–13.

[10] This material included "'Mil Specs' that covered warnings affixed to ship boilers" offered by Foster Wheeler. *Sawyer*, 860 F.3d at 254 n.1.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail.  A party may respond to any other party's objections within 14 days after being served with a copy thereof.  *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

                                                          /s/
                                                 Robert J. Krask
                                        United States Magistrate Judge

Norfolk, Virginia
October 11, 2017