UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

DEBORAH H. RIPLEY,
Administrator of the Estate of
Bernard W. Ripley, deceased, and
DEBORAH H. RIPLEY,

Plaintiffs,

v.

J. HENRY HOLLAND CORP., *et al.*,

Defendants.

Civil No. 4:14cv70

## ORDER

Before the Court is Plaintiffs' Second Renewed Motion to Strike and for Remand (ECF No. 134), and a Renewed Motion to Supplement the Record (ECF No. 140) filed by Defendants Foster Wheeler LLC and Foster Wheeler Energy Corporation (collectively, "Defendants"). This Court referred these motions to a United States Magistrate Judge for report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

I. BACKGROUND

The Magistrate Judge's Report and Recommendation recommends that Plaintiffs' Second Renewed Motion to Strike and for Remand be denied and that Defendants' Renewed Motion to Supplement the Record be granted in part and denied in part. ECF No. 171. Specifically, the Report and Recommendation concludes that Plaintiffs' motion is without merit because the "Schroppe Affidavit" is properly admitted and the case is properly removed under 28 U.S.C. § 1442. *Id.* at 8. The Report and Recommendation also concludes that Defendants' motion should

be granted in part and denied in part because seven documents to which Plaintiffs object should be excluded, and three documents to which Plaintiffs do not object should be admitted.

This Court must make a *de novo* determination of those portions of the Report and Recommendation or specified findings and recommendations to which objection is made. The district judge may accept, reject, or modify the recommended disposition. *See* Fed. R. Civ. P. 72(b)(3). The Court has reviewed the disputed issues *de novo* and considered the Objection and Response carefully. The Magistrate Judge's conclusions are sound. The Report and Recommendation is adopted in its entirety.

## II. DISCUSSION

The Best Evidence Rule requires "[a]n original writing, recording, or photograph . . . in order to prove its content." Fed. R. Evid. 1002. Mr. Schroppe testified to his personal knowledge. ECF No. 1-10 at 1. He is not attempting to prove the contents of the military specifications. Thus, the Best Evidence Rule is inapplicable as a reason for excluding Mr. Schroppe's Affidavit.

Federal Rule of Evidence 702 allows an expert witness to testify in the form of opinion or otherwise if this witness meets certain criteria. *See* Fed. R. Evid. 702. Plaintiffs argue that Mr. Schroppe's lack of experience with a specific type of document renders his opinion unreliable. ECF No. 58 at 9–11. However, the Rule does not require that an expert have experience with every available document. Rather, it states the testimony must be "based on sufficient facts or data." Fed. R. Evid. 702(b). This criterion is met here and the Affidavit is properly admitted.

Plaintiffs also argue that Defendants have failed to meet their burden of proof for removal jurisdiction. ECF No. 172 at 2. Plaintiffs cite *Leite v. Crane Co.* for the proposition that Defendants must meet their burden by a preponderance of the evidence. 749 F.3d 1117 (9th Cir.

2014). However, *Leite* held that affidavits similar to those presented here satisfactorily established a colorable federal defense. *Id.* at 1123.

In evaluating whether Defendants presented a colorable defense sufficient to support removal, the Magistrate Judge correctly acknowledged that "the defense need only apply to one claim to remove the case." ECF No. 171 at 12 (quoting *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 257 (4th Cir. 2017)). The Report and Recommendation found correctly that the technical manuals and drawings were, by themselves, sufficient to support removal. ECF No. 171 at 12.

Plaintiffs' assertion that the Report and Recommendation improperly found a causal connection in this case is incorrect. ECF No. 172 at 18. The Magistrate Judge correctly concluded that Defendants "made out a colorable claim that the Navy exercised discretion over warnings contained on boilerplates or technical manuals. This colorable defense is sufficiently connected to plaintiffs' claim that Foster Wheeler failed to warn." ECF No. 171 at 13. "[T]he [Federal Removal] statute must be 'liberally construed.'" *Watson v. Phillip Morris Cos.*, 551 U.S. 142, 147 (2007) (quoting *Colorado v. Symes*, 286 U.S. 510, 517 (1932)).

## III. CONCLUSION

The Court, having reviewed the record and examined Plaintiffs' objections to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, **ADOPTS** and **APPROVES** the findings and recommendations set forth in the Report and Recommendation. ECF No. 171. Accordingly, Plaintiffs' Second Renewed Motion to Strike and for Remand (ECF No. 134) is **DENIED**. Defendants' Renewed Motion to Supplement the Record (ECF No. 140) is **GRANTED IN PART** and **DENIED IN PART**.

Counsel for the parties are DIRECTED to contact the Court's Docket Clerk at 757-222-7212 within twenty days of entry of this Order to set a scheduling conference pursuant to Federal Rule of Civil Procedure 16(b).

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

Dec 21st, 2017
Norfolk, Virginia